IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROSA LEE SIMMONS,<br><br>　　Plaintiff,<br><br>vs.<br><br>UINTAH HEALTH CARE SPECIAL SERVICE DISTRICT,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR JUDGMENT<br><br><br>Case No. 2:02-CV-214 TS |

　　When Plaintiff was dismissed from her employment with Uintah County's Uintah Health Care Special Service District (the District), she filed this action under § 1983,[1] alleging a deprivation of her rights without due process of law.  Following a remand, the parties bring Motions for Judgment on the Pleadings.  The Court grants Defendant's Motion and denies Plaintiff's Motion.

---

[1] 42 U.S.C. § 1983.

1

Uintah County formed the District in 2000 to run a nursing home in Vernal, Utah. Prior to forming the District, the County had been directly running the nursing home. Plaintiff was an administrator at the home from 1985 to 2001, both before and after the District's formation.

The Administrative Control Board (the "Board") makes final policy decisions for the District. The Board implemented a Reduction in Force, or RIF, plan to guide the District in the event of downsizing. The RIF plan requires the District to consider normal attrition, reassignment, or transfer prior to considering dismissal. Under the Plan, the District must also consider employee seniority, and must give two weeks' written notice of dismissal and a chance for administrative review.

In 2001, after adopting the RIF plan, the Board chose to turn over the nursing home's management to Traditions Health Care, Inc. (Traditions). As part of that decision, the Board discussed some dissatisfaction with Plaintiff's work and discussed the cost and efficiency benefits of having an employee from Traditions take over her responsibilities. The Board then chose to dismiss Plaintiff from employment purporting to invoke the RIF plan. However, it is undisputed that the Board failed to follow any of the RIF procedures.

After a bench trial, the Court found that "the Board had indeed failed to follow the District's termination procedures in dismissing" Plaintiff and reasoned that the failure "precluded the District's liability."[2]  This Court held in the alternative that Plaintiff's claim failed because she did not exhaust available administrative remedies, and because

---

[2] *Simmons v. Uintah Health Care Special Dist.*, 506 F.3d 1281, 1283 (10th Cir. 2007).

Plaintiff's "employment would have been terminated even if the members of the Board followed the RIF policy."[3]

The Tenth Circuit Court of Appeals reversed and remanded. The Tenth Circuit found that District liability can exist outside of an employee's acting in compliance with District policy. District liability can also exist for "actions taken by final policymakers," such as the Board's actions.[4] On the alternative theories, the Tenth Circuit held that exhausting administrative remedies is not necessary for Plaintiff to bring a §1983 claim, and that although this Court's factual determination that Plaintiff "would have been fired even if the Board had followed the RIF policy"[5] may limit Plaintiff's damages, it does not preclude liability.

The Tenth Circuit remanded and instructed that in order to recover, Plaintiff still needs to show, "among other things, that she had a protected property interest in continued employment, that she was deprived of such interest without due process, as well as the scope (if any) of her damages."[6] After remand, the case was assigned to the undersigned.

Judgment on the pleadings should not be granted "unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." As with . . . motions to dismiss under Rule

---

[3]Docket No. 129 (Findings of Fact and Conclusions of Law, at 10).

[4]*Simmons*, 506 F.3d at 1285.

[5]*Id.* at 1286.

[6]*Id.* at 1287.

12(b)(6), documents attached to the pleadings are exhibits and are to be considered in . . . Rule 12(c) motion.[7]

Plaintiff's Motion for Judgment on the Pleadings argues that her evidence as to damages was uncontested and therefore judgment in her favor on damages is appropriate. She also argues that the Tenth Circuit reversed the finding that Plaintiff would have been terminated even if the RIF policy had been followed. Finally, Plaintiff seeks compensatory and/or nominal damages.

Defendant filed a Motion for Judgment of No Cause of Action on Plaintiff's Claims under 42 U.S.C. § 1983. Defendant argues Plaintiff failed to establish at trial that: (1) she had a protected property interest in continued employment with the District; or (2) that the District's termination of her employment was arbitrary, capricious, or shocked the conscience.

Both Motions for Judgment address what the Tenth Circuit held must be shown before Plaintiff can recover. Neither party argues that there are material issues of fact that remain to be resolved and, instead, submit their Motions on the existing record. The Court will address Defendant's Motion first because if there is no protected property interest, the issue of damages does not arise.

To establish a procedural due process claim, Plaintiff must first show she had a protected property interest in continued employment with Defendant. She must next show she was deprived of such an interest without due process.

---

[7]*Park University Enterprises, Inc. v. American Cas. Co. Of Reading, PA,* 442 F.3d 1239, 1244 (10th Cir. 2006) (quotation omitted).

4

Property interests are created not "by the Constitution, but by existing rules or understandings that stem from independent sources, 'such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'"[8] A "state law-rule or understanding" creates a property interest when it gives the recipient a claim to a benefit.[9] An employee has a property interest in employment if she has "tenure, a contract for a fixed term, an implied promise of continued employment, or if state law allows dismissal only for cause or its equivalent."[10] At-will employees do not have a property interest in continued employment.[11]

Defendant argues that Plaintiff was an at-will employee and, therefore, had no property interest in continued employment. Defendant claims Plaintiff's employment was at-will because she did not have tenure, a fixed-term contract, or an implied promise of continued employment, and because state law does not allow for dismissal only for cause or its equivalent. The record does not show evidence of tenure, a fixed-term contract, or an implied promise of continued employment.

Plaintiff argues that this Court has already held that Plaintiff had a protected property interest in continued employment. It argues that because the Court noted, in its February 8, 2005 Order on summary judgment, that Defendant did not dispute that Plaintiff

---

[8]*Darr v. Town of Telluride, Colo.,* 495 F.3d 1243, 1251 (10th Cir. 2007) (quoting *Bd. of Regents v. Roth,* 408 U.S. 564, 577 (1972)).

[9]*Id.*

[10]*Darr,* 495 F.3d at 1251; *see also Beus v. Uintah County Bd. of County Comm'r,* No. 04-8013, 2005 U.S. App. LEXIS 16229, at **12-**13 (10th Cir. Aug. 4, 2005).

[11]*Darr,* 495 F.3d at 1252.

had a protected property interest in continued employment,[12] that the issue is already decided. Plaintiff also argues that Defendant did not raise the issue until trial.

The Court finds that the February 8, 2005 Order did not determine the issue of a protected property interest. Instead, it merely noted what elements Defendant contested for the Motion. Defendant did not concede that issue, the Court did not rule on that issue, and Defendant properly contested the issue at trial.

Both case law and legislation provide insight into whether Utah law allows dismissal only for cause or its equivalent. In *Thurston v. Box Elder County*,[13] the Utah Supreme Court held that a county employee can "rely on the [county's] layoff and termination procedures," such as a RIF policy.[14] However, *Thurston* was a breach of contract case and did not determine if such a RIF policy gave rise to a protected property interest. As discussed in *Thurston*, Utah Code Ann. § 17-33-5(3)(b)(xv) requires that each county have a plan (such as a RIF) to govern layoffs in certain situations, including lack of funds, a cited reason for Plaintiff's dismissal. *Thurston* requires a county to consider only "the relative ability, seniority and merit of each employee"[15] in its layoff decisions.[16] Although there is no evidence that the County considered these three factors in dismissing Plaintiff, it would be difficult for them to do so in light of Plaintiff being the sole administrator employed at the

---

[12] Docket No. 93 (Order and Opinion at 6).

[13] 835 P.2d 165, 169 (Utah 1992).

[14] *Id*.

[15] Utah Code Ann. § 17-33-5(3)(b)(xv).

[16] *Thurston*, 835 P.2d at 168-69.

nursing home at the time of dismissal. To consider her *relative* ability, seniority, and merit makes little sense when she is the only employee to consider.

The County's RIF plan require certain steps to be taken before a county employee can be terminated. However, as stated in *Darr*, "an entitlement to nothing but procedure . . . 'cannot be the basis for a property interest.'"[17]

The Court finds that the RIF policy did not create a protected property interest in Plaintiff's continued employment. Therefore, Plaintiff does not have a claim for violation of her procedural due process and judgment on that claim must be entered in favor of Defendant.

In order to show a violation of substantive due process, Plaintiff must show that her termination was "arbitrary, capricious, or without a rational basis."[18] In making this determination, the standard of review for the judge is whether the purported violation would "shock the conscience."[19] This standard is not satisfied by a mere showing of a "government actor intentionally or recklessly caus[ing] injury to the plaintiff by abusing or misusing government power," but a showing that the action is so outrageous that it is "conscience shocking."[20]

---

[17]*Darr,* 495 F.3d at 1252 n.1 (quoting *Robbins v. United States Bureau of Land Management,* 438 F.3d 1074, 1085 (10th Cir. 2006)).

[18]*Tonkovich v. Kan. Bd. of Regents,* 159 F.3d 504, 528 (10th Cir. 1998) (citations omitted).

[19]*Id.*

[20]*Id.*

Defendant relies on the Court's prior factual findings that the Board's decision to terminate Plaintiff's employment "was not arbitrary, did have a rational basis, and did not 'shock the conscience'" to show due process was not violated.

Plaintiff argues the Court never addressed the specific evidence of a due process violation because it found for Defendant on the issue of municipal liability and, therefore, this Court must now decide the issue. Plaintiff also argues that the Tenth Circuit reversed this Court's findings on this issue.

The Court finds that because the Tenth Circuit failed to overturn the factual findings that the Board did not act arbitrarily or capriciously, and that the Board's decision had a rational basis and did not shock the conscience, those findings are still applicable to the case. Accordingly, based on those findings, Plaintiff does not show a violation of substantive due process and judgment on that claim must be entered in favor of Defendant.

Because Plaintiff has failed to show a protected property interest and the Court's previous findings foreclose a substantive due process claim, the Court need not address Plaintiff's Motion for Judgment on the issue of damages. It is therefore

ORDERED that Defendant's Motion for Judgment of No Cause of Action on Plaintiff's Claims Under 42 U.S.C. § 1983 (Docket No. 139) is GRANTED. It is further

ORDERED that Plaintiff's Motion for Judgment (Docket No. 145) is DENIED. It is further

ORDERED judgment shall enter in favor of Defendant and against Plaintiff.

This case shall be closed.

DATED   September 29, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge